**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>PROBATION AND PAROLE OF )<br>MISSOURI and MODOC, )<br>)<br>    Defendants. ) | Case No. 4:20-CV-1740-DDN |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without prepayment of the required filing fee. ECF No. 3. For the reasons stated below, the Court finds plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).  An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the

2

complaint that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.  *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, Joseph Michael Devon Engel, an inmate at ERDCC, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights against defendants "Probation and Parole of Missouri" and the "MODOC." ECF No. 1. Plaintiff describes himself as a sovereign citizen.

Plaintiff prepared the complaint on a Court-provided Prisoner Civil Rights Complaint form, as required.  Plaintiff states his claims as follows:

> (1) This is in Regards to a Few Different thing[s] first of all. [Probation and Parole] told my PD I only had 20% of 10 then when I got here 80% of 10 and my Ohio Risk Factor was 0 that is what my P.O. said.
>
> (2) Is all the mess ups on my Fac[t] Sheet like it says I started doing time in 2011 I Did not I started in 2002. Then my name I told custody is wrong my name is Joseph Michael Devon Engel they have it Down as Joseph Michael Engel. Then I am a Sourvin [sic] Citizn [sic] and they Ignore the fact.
>
> (3) Then they say I got is Alias no I Don't the State has is Alias I Don't.

3

(4) They say new cases I am a Parole Violator.

(5) The way they have treated me cause I am homeless & my head Injury.

(6) My Sourvin [sic] Citiznship [sic]

ECF No. 2 at 3-4. Plaintiff describes his injuries as mental anguish, health problems, mind raping, freedom, and his family.

For relief, plaintiff seeks 500 billion dollars and 1,500,000 stocks in USA, China, Japan, Germany, France, Russia, Ireland, Britain, Turkey, Africa, Australia, Starbucks Coffee, Cuba, Columbia, Mexico, and South America.

## Discussion

Plaintiff's complaint is legally frivolous because the Missouri Department of Corrections ("MDOC") and the MDOC's Division of Probation and Parole are not entities that can be sued under § 1983.  A claim brought pursuant to § 1983 against the defendant entities are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Jackson v. Missouri Board of Probation and Parole*, 306 Fed. Appx. 333 (8th Cir. 2009). A suit against the MDOC or a division of the MDOC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit).

Additionally, plaintiff's allegations are factually frivolous as they lack an arguable basis in either law or in fact. Reading the complaint as a whole, it appears plaintiff is challenging the amount of time he must serve prior to being eligible for parole.  Plaintiff seems to state that he was

4

first told he would have to serve twenty percent of a ten-year sentence and was later told he would have to serve eighty percent of his ten-year sentence. Plaintiff also states the date on his fact sheet is incorrect as to when he began his incarceration. Because Missouri prisoners do not have a federally protected liberty interest in parole, they cannot mount a federal constitutional challenge to any state parole review procedure on procedural, or substantive, due process grounds.

The Supreme Court has recognized that "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole." *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11, (1979). Instead, matters pertaining to the parole process are governed by state statute and are therefore matters of state law, without questions of constitutional magnitude. Additionally, "[t]he United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005); *Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002); *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). Therefore, a Missouri prisoner's allegations challenging an allegedly unjustified calculation of or denial of parole does not state a claim under 42 U.S.C. § 1983. *Id.*

The remainder of plaintiff's claims appear to challenge the MDOC's treatment of his identity as a "sovereign citizen." A penal institution or the Court has no obligation to provide plaintiff with special treatment due to his self-proclaimed categorization as a sovereign citizen. Arguments proposed by sovereign citizens have been widely rejected as "having no conceivable validity in American law." *United States v. Hardin*, 489 Fed. Appx. 984, 986 (8th Cir. 2012) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)). *See also United States*

5

*v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that defendants' argument that they were "special sovereign citizens" was frivolous). As such, plaintiff's claim based on his sovereign status is not cognizable and frivolous.

Plaintiff also provides no plausible basis for his bizarre requests for relief, which includes 500 billion dollars and 1,500,000 stocks in USA, China, Japan, Germany, France, Russia, Ireland, Britain, Turkey, Africa, Australia, Starbucks Coffee, Cuba, Columbia, Mexico, and South America. Therefore, the Court finds plaintiff's statement of claim and prayer for relief are clearly baseless and factually frivolous as defined in *Denton*.

As of the date of this Order, this action is one of fifty-five civil complaints plaintiff has filed in this Court since September 11, 2020, most of which were filed in forma pauperis and composed in roughly the same factually unsupported and disjointed manner. Many of the complaints he has filed are brought against the same governmental entities or employees of those entities and involve similar factual allegations. For example, including the instant case, plaintiff has filed twenty-nine separate lawsuits against the MDOC.[1] Based on the history of plaintiff's

---

[1] *Engel v. Southeast Correctional Center, et al.*, 1:20-cv-258-JMB (filed Dec. 1, 2020); *Engel v. Missouri Department of Corrections, et al.*, 1:20-cv-269-NCC (filed Dec. 17, 2020); *Engel v. Missouri Department of Corrections, et al.*, 4:20-cv-1430-NCC (filed Oct. 1, 2020); *Engel v. CCA, et al.*, 4:20-cv-1619-SEP (filed Nov. 6, 2020); *Engel v. Corizon Health Care, et al.*, 4:20-cv-1635-MTS (filed Nov. 18, 2020); *Engel v. MODOC*, 4:20-cv-1668-RWS (filed Nov. 23, 2020); *Engel v. MODOC, et al.*, 4:20-cv-1670-ACL (filed Nov. 21, 2020); *Engel v. MODOC, et al.*, 4:20-cv-1671-AGF (filed Nov. 23, 2020); *Engel v. CO1, et al.*, 4:20-cv-1684-SEP (filed Nov. 23, 2020); *Engel v. CO1, et al.*, 4:20-cv-1685-SEP (filed Nov. 23, 2020); *Engel v. CO1, et al.*, 4:20-cv-1686-JMB (filed Nov. 23, 2020); *Engel v. Senator MO, et al.*, 4:20-cv-1866-MTS (filed Nov. 23, 2020); *Engel v. MODOC, et al.*, 4:20-cv-1693-DDN (filed Dec. 2, 2020); *Engel v. Missouri Department of Corrections, et al.*, 4:20-cv-1694-PLC (filed Nov. 30, 2020); *Engel v. Corizon, et al.*, 4:20-cv-1695-NAB (filed Nov. 30, 2020); *Engel v. CO1, et al.*, 4:20-cv-1733-ACL (filed Dec. 4, 2020); *Engel v. CO1, et al.*, 4:20-cv-1734-NAB (filed Dec. 4, 2020); *Engel v. CO1, et al.*, 4:20-cv-1735-PLC (filed Dec. 4, 2020); *Engel v. ERDCC, et al.*, 4:20-cv-1736-AGF (filed Dec. 1, 2020); *Engel v. ERDCC, et al.*, 4:20-cv-1737-JMB (filed Dec. 1, 2020); *Engel v. ERDCC, et al.*, 4:20-cv-1739-JMB (filed Dec. 1, 2020); *Engel v. United States of America, et al.*, 4:20-cv-1742-MTS (filed Dec. 1, 2020); *Engel v. Corizon, et al.*, 4:20-cv-1744-HEA (filed Dec. 1, 2020); *Engel v. Pharma Corr, et al.*, 4:20-cv-1763-PLC (filed Dec. 11, 2020); *Engel v. Parker, et al.*, 4:20-cv-1765-RLW (filed Dec. 10, 2020); *Engel v. CO1, et al.*, 4:20-cv-1794-NAB (filed Dec. 17, 2020); *Engel v. MODOC, et al.*, 4:20-cv-1795-HEA (filed Dec. 17, 2020); and *Engel v. MODOC, et al.*, 4:20-cv-1796 (filed Dec. 17, 2020).

filings, it appears the instant complaint is part of an effort to harass the named defendants rather than vindicate a cognizable right.  It therefore appears the complaint is malicious, and is subject to dismissal for this reason, as well.  *Spencer*, 656 F. Supp. at 461-63.

In consideration of plaintiff's recent history of filing duplicative and meritless litigation and the manner in which he has filed his complaints, including the instant complaint, the Court finds it would be futile to permit plaintiff leave to file an amended complaint in this action.

Plaintiff is cautioned to avoid the practice of filing frivolous and malicious complaints, and to avoid the practice of abusing the judicial process by repeatedly filing duplicative lawsuits. Inmates who are frequent filers of frivolous lawsuits are subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Additionally, it is well settled in the Eighth Circuit that this Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power."  *See Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998).  This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *see also In In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (affirmed the district court's sua sponte determination that the plaintiff should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process).  These powers stem from "the

control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of December, 2020.